## UNITED STATES v. ELEVEN FIVE-GAL-LON STILLS, etc.

No. 38591.

District Court, N. D. Illinois, E. D.

Sept. 15, 1930.

Harry I. Weisbrod and Martin O. Weisbrod, both of Chicago, Ill., for the United States.

Walter E. Wiles, of Chicago, Ill., for respondent.

ALSCHULER, Circuit Judge.

Claimant kept a place where he worked in sheet metals, and had for sale articles made from sheet metal. Two prohibition agents called to buy a kettle, and one of fifteen-gallon capacity was shown them and a price agreed upon. The agents asked to have it equipped, but a certain part was missing, which claimant said he would supply by afternoon. They called in the afternoon and found the kettle with top, gooseneck and coil, and the apparatus to constitute a still. They paid the agreed price to claimant, who took the apparatus apart and boxed it, and the claimants walked out with the package. Nothing was said as to the intended use of the apparatus.

Thereupon, under search warrant, claimant's premises were searched and there was seized a large number of so-called stills which were found there, including eleven of five-gallon capacity, three of fifty-gallon, and five of ten-gallon. It was explained that by the term "still" was meant kettles or boilers. There were boiler tops with openings therein, and also some parts which from their names might be inferred to be capable of use in stills. A number of articles which had been seized, notably some pickle-making tanks, were returned to claimant.

The government filed an information of libel for forfeiture of the articles seized, upon the theory that claimant was a manufacturer of stills and liable to pay a revenue tax, which he had evaded, and had failed to comply with other statutory regulations. The alleged applicable statutes are:

Section 203, T. 26, USC (26 USCA § 203): "Manufactures of stills shall each pay $50, and $20 for each still or worm for distilling made by him. Any person who manufactures any still or worm to be used in distilling, except distillers in registered distilleries who manufacture wooden stills for their own use, shall be deemed a manufacturer of stills. Each of said distillers shall give notice to the collector of the district in which his distillery is located of each still manufactured before the same is used. * * * (R. S. § 3244; etc.)."

Section 290, T. 26, USC (26 USCA § 290): "Any person who manufactures any still, boiler, or other vessel to be used for the purpose of distilling, shall, before the same is removed from the place of manufacture, notify in writing the collector of the district in which such still, boiler, or other vessel is to be used or set up, by whom it is to be used,

its capacity, and the time when the same is to be removed from the place of manufacture; and no such still, boiler, or other vessel shall be set up without the permit in writing of the said collector for that purpose; and any person who sets up any such still, boiler, or other vessel, without first obtaining a permit from the said collector of the district in which such still, boiler, or other vessel is intended to be used, or who fails to give such notice, shall pay in either case the sum of $500, and shall forfeit the distilling apparatus thus removed or set up in violation of law (R. S. § 3265)."

Section 193, T. 26, USC (26 USCA § 193): "Any person who shall carry on the business of a rectifier, wholesale liquor dealer, retail liquor dealer, wholesale dealer in malt liquors, retail dealer in malt liquors, or manufacturer of stills, without having paid the special tax as required by law, shall, for every such offense be fined not less than $100 nor more than $5,000 and imprisoned not less than thirty days nor more than two years. And all distilled spirits or wines, and all stills or other apparatus, fit or intending to be used for the distillation or rectification of spirits, or for the compounding of liquors, owned by such person, wherever found, and all distilled spirits or wines and personal property found in the rectifying establishment, or in any building, room, yard, inclosures connected therewith, and used with or constituting a part of the premises shall be forfeited to the United States (R. S. § 3281; etc.)."

The forfeiture provided for in section 290, 26 USCA, has reference only to the actual still which was removed and set up in violation of the law. This could be only the still which was sold to the officers, and this is not involved in these proceedings, and so this section gives no authority for the libel.

Section 193, 26 USCA, imposes the prescribed penalty, inter alia, on every person who is a "manufacturer of stills, without having paid the special tax as required by law." And it prescribes forfeiture of, inter alia, the "stills and other apparatus, fit or intending to be used for the distillation, [etc.] * * * owned by such person, wherever found."

Section 203, 26 USCA, prescribes that manufacturers of stills shall pay a tax of $50 and $20 for each still or worm for distilling made by him.

We are dealing here only with the right of the government to maintain the libel against the seized property. The statute imposing the taxes and providing for forfeiture of stills, etc., has application only to the manufacturer of stills. I find nothing in them directed against one who sells them, or keeps them for sale.

The evidence in this case wholly fails to show, not only that the claimant did manufacture the stills and other parts that were seized, but it fails even to show that he manufactured the still which the prohibition officers bought. It appears that a certain part was missing. Claimant went out and got a pipe with which he made the part. What the part was does not appear. The evidence does not show that claimant manufactured the still, or a "worm" of a still.

This situation, appearing at the threshold of the case, makes it unnecessary to consider the much-discussed propositions of whether the libel could be maintained in the absence of proof that the stills were intended by claimant for use in the distillation of spirits, and the force and effect to be given departmental constructions and regulations as a basis for forfeiture.

I am of opinion that the information of libel should be dismissed.